

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00277-CR

**THE STATE OF TEXAS,**

**Appellant**

**v.**

**TIMOTHY GLEN BODIE,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2016-84-C1

## MEMORANDUM OPINION

Timothy Glen Bodie was indicted for the offenses of aggravated sexual assault of a child and indecency with a child by contact. The trial court granted Bodie's motion to suppress the testimony of the victim, B.M., and the State appeals. We reverse and remand.

In the sole issue on appeal, the State argues that the trial court erred in granting Bodie's motion to suppress the testimony of B.M. When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial

court's ruling. *State v. Robinson*, 334 S.W.3d 776, 778 (Tex.Crim.App.2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App.2006). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex.Crim.App.2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App.2007). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's ruling on those questions de novo. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex.Crim.App.2011); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex.Crim.App.2000).

Bodie was charged in a separate case with two counts of aggravated sexual assault of a child, H.F. At that trial, H.F. testified that on two occasions Bodie, her former step-father, had sexually assaulted her. During the trial, the trial court held a hearing pursuant to Article 38.37 of the Texas Code of Criminal Procedure to determine the admissibility of the testimony of B.M. The trial court allowed B.M. to testify about extraneous offenses involving Bodie. The jury acquitted Bodie on both counts of aggravated sexual assault against H.F.

B.M. testified that when she was in second grade, Bodie, her uncle, put his hand inside of her shorts and fondled her genital area. B.M. reported the incident when she was in the fourth grade, but Bodie was not charged with an offense. B.M. is now an adult, and she got a job working for H.F.'s mother. B.M. told H.F.'s mother about the incident with Bodie after learning she was previously married to Bodie.

After the jury acquitted Bodie on both counts of aggravated sexual assault against H.F., Bodie was subsequently indicted for aggravated sexual assault of a child and indecency with a child by contact against B.M. Those charges were based upon the incident B.M testified about during Bodie's trial on the previous allegations made by H.F. Bodie filed "Defendant's Motion to Dismiss the Indictment, Motion to Suppress the testimony of [B.M.] and Written Objection and, in the Alternative, Request to Exclude the Testimony from the Prior Trial and Allegations Made by [H.F.] in Which Defendant has been Previously Acquitted." The trial court granted the motion to suppress the testimony of B.M.

At the hearing on the motion to suppress, Bodie argued that collateral estoppel prevented the State from introducing B.M.'s testimony. Collateral estoppel is a corollary of the Fifth Amendment prohibition against double jeopardy made applicable to the states through the Fourteenth Amendment of the United States Constitution. *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970). Collateral estoppel "means ... that when an issue of ultimate fact has once been determined by a valid and

final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. at 443, 90 S.Ct. at 1194. To determine whether collateral estoppel bars a subsequent prosecution, a reviewing court must ascertain (1) exactly what facts were necessarily decided in the first proceeding; and (2) whether those necessarily decided facts constitute essential elements of the offense in the second trial. *Ex parte Taylor*, 101 S.W.3d 434, 441 (Tex.Crim.App.2002); *McNeil v. State*, 398 S.W.3d 747, 753(Tex. App. -- Houston [1 Dist.] 2011, pet. ref'd).

To determine whether a fact was necessarily decided in a prior proceeding, reviewing courts must determine whether specific facts were decided by the jury and if so, how broad the scope of the jury's findings were in terms of time, space, and content. *Ex parte Watkins*, 73 S.W.3d 264, 268 (Tex.Crim.App.2002); *McNeil v. State*, 398 S.W.3d at 754. The mere possibility that a fact may have been determined in a former trial is insufficient to bar relitigation of that same fact in a second trial. *Ex parte Watkins*, 73 S.W.3d at 268; *McNeil v. State*, 398 S.W.3d at 754. A reviewing court must examine the entire trial record, including the pleadings, the evidence, the charge, and the arguments of counsel "to determine 'with realism and rationality' precisely which facts the jury necessarily decided and whether the scope of its findings regarding specific historical facts bars relitigation of those same facts in a second criminal trial." *Ex parte Watkins*, 73 S.W.3d at 268; *McNeil v. State*, 398 S.W.3d at 754.

At the first trial, the trial court held a hearing outside the presence of the jury pursuant to Article 38.37 of the Texas Code of Criminal Procedure. Article 38.37 § 2 of the Texas Code of Criminal Procedure provides:

> (b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

> Sec. 2-a. Before evidence described by Section 2 may be introduced, the trial judge must:

> (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and

> (2) conduct a hearing out of the presence of the jury for that purpose.

TEX. CODE CRIM. PROC. ANN. § 38.37 (West Supp. 2017). The trial court found "sufficient evidence that if the jury chose to believe [the testimony of B.M] they could do so beyond a reasonable doubt." *See* TEX. CODE CRIM. PROC. ANN. § 38.37 § 2a (West Supp. 2017). The trial court then allowed B.M.'s testimony before the jury.

At the first trial, the jury was instructed:

> The State has introduced evidence that the Defendant committed extraneous crimes or bad acts other than the ones for which he has been indicted. You're instructed that you may not consider this evidence for any purpose at all unless you believe beyond a reasonable doubt that the Defendant committed an act, if any were committed. Even then you may only consider the same in determining the state of mind of the Defendant,

character of the Defendant, or acts performed in conformity with the character of the Defendant.

Bodie argued at the hearing on the motion to suppress that he had already been found not guilty of the factual allegations where the State made the issue of B.M.'s testimony an ultimate issue of fact that the jury was charged with determining beyond a reasonable doubt. Bodie contends that the State argued to the jury that in order to acquit Bodie, they would have to disbelieve the testimony of B.M. At the suppression hearing, the trial court stated:

> 38.27, you know, under Section 2(b) is a powerful weapon for the State, and it's used – has been used and will continue to be used to devastating affect (sic)… the State did rely, and that was the whole purpose of bringing in the extraneous offense to begin with, was to influence the jury and try to get a conviction on the case that was being tried. And I think the defense has a point. When you look at this from a totality of the circumstances, the reliance that the State placed on the extraneous conduct, the burden of proof they had to establish, I mean, the State was basically trying to kill two birds with one stone.
> …
> In looking at the totality of this case and the confluence of all the little tributaries that gave rise to it, I am finding that collateral estoppel applies and that the testimony of the complaining witness in this case will not be allowed.

The issue before us is whether the jury in the first trial necessarily decided whether Bodie committed the offenses of aggravated sexual assault and indecency with a child against B.M. We find that the jury did not decide whether Bodie committed the offenses against B.M. Article 38.37 allowed the trial court to admit extraneous offense "for any bearing the evidence has on relevant matters, including the character of the defendant

and acts performed in conformity with the character of the defendant." The jury was instructed to consider the evidence only if they believed beyond a reasonable doubt that Bodie committed the act. However, there is nothing in the record to indicate that the jury reached or ultimately decided whether Bodie committed the offenses against B.M. Although the State may have argued to the jury that their verdict was an indication of whether they believed both H.F. and B.M., the jury was only asked to render a verdict on whether Bodie committed the offenses against H.F. Contrary to any argument otherwise, the jury could have acquitted Bodie on the charges against H.F. without considering the offenses against B.M.

On the record before us, we find that the jury in Bodie's trial for the offenses committed against H.F. did not necessarily decide whether Bodie committed the offenses against B.M. and collateral estoppel does not prohibit the State from introducing B.M.'s testimony at the subsequent trial. The trial court erred in suppressing the testimony of B.M. We sustain the State's sole issue on appeal.

We reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reverse and remand
Opinion delivered and filed March 28, 2018
Do not publish
[CR25]

